# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
July 1, 2008 Session

## STATE OF TENNESSEE v. ANTHONY PHILLIP GEANES

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-01-0215     J. Weber McCraw, Judge**

---

**No. W2007-02223-CCA-R3-CD  - Filed November 24, 2008**

---

JOHN EVERETT WILLIAMS, J., separate concurring opinion.

I write separately to set out unique factors used in my analysis concluding insufficient evidence exists upon this record to support the defendant's conviction of reckless endangerment. A notion widely held is that whenever people are arguing, participating in fisticuffs, or engaged in fights involving knives, bats, or chairs, the discharging of a firearm into the air has the immediate effect of alerting all participants that a higher and more powerful authority has been introduced into the situation and, therefore, the holder of the firearm is deserving of respect and attention. I feel this notion is misguided and outdated, and although I have found for this defendant, I do not wish to suggest that firing a weapon into the air is not reckless or is safe. Common sense tells us that what goes up must come down. I simply do not know where or with what force the bullet returns.

What this case reveals is two witnesses testified that the defendant fired a gun into the air. One witness opined it was a warning shot to try and stop the "commotion" that was going on. The State had the burden of proving beyond a reasonable doubt that the defendant's firing of a .9 mm pistol into the air in a "highly populated" area placed another in imminent danger of death or serious bodily injury. However, on the record, I simply do not know whether the bullet, when falling to the earth, would have any potential for causing death or serious bodily injury. I do not know the probability that a projectile the size of a pencil eraser would hit anyone. I do not know with any degree of confidence whether the bullet fired would be expected to land back to earth within a few yards of the shooter or as far away as half a mile. Because the State has not offered any proof as to the reasonable probability of danger, as opposed to the mere possibility of danger, I conclude there is insufficient evidence.

_____
JOHN EVERETT WILLIAMS, JUDGE